UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John Barton,
     Petitioner

     v.                            Case No. 09-cv-79-SM
                                    Opinion No. 2009 DNH 111
United States of America,
     Respondent

**O R D E R**

Petitioner pled guilty to three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  Because petitioner's criminal history included sufficient predicate convictions, he qualified as a career offender under the sentencing guidelines.  His total offense level under the guidelines was determined to be 29 and his criminal history category was VI, which combined to counsel a guideline sentence of imprisonment between 151 and 188 months.  The court sentenced petitioner to 120 months in prison, after departing downward four levels based upon the government's motion under section 5K1.1 of the Guidelines.  Sentence was imposed on January 31, 2006, and an amended judgment entered on February 6, 2006.  The time in which a notice of appeal could be filed expired on February 21, 2006, at which point the judgment became final, no appeal having been taken.

Petitioner did not file this motion for sentence relief under the provisions of 28 U.S.C. § 2255 until March 2, 2009 (the date he signed it and presumably delivered it to prison authorities for mailing).  That is, the motion was filed more than three years after judgment became final.  Obviously, then, the petition is facially untimely under the one-year limitations period established by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2255(f)(1).

Petitioner's underlying claim on the merits is based upon alleged ineffective assistance of counsel.  Petitioner says that he specifically directed his defense counsel to appeal his sentence on grounds that the career offender adjustments were erroneous, yet counsel failed to do so.  (He also says that he objected to the career offender adjustment at sentencing, but the transcript of his sentencing hearing does not support that claim — no objections to the presentence investigation report's calculations were interposed by counsel, and petitioner did not challenge the calculation during his allocution.)  Accordingly, he seeks relief in the nature of restoration of his opportunity to file an appeal challenging his sentence.

Recognizing the untimeliness of his petition, petitioner argues that equitable tolling should apply to extend the one-year

period.  He seems to argue that he thought defense counsel would
file an appeal on time, as he claims to have directed him to do
(apparently notwithstanding the plea agreement's waiver of his
right to appeal), and that he reasonably relied on that mistaken
belief.  But for three years?

"Equitable tolling" is the exception rather than the rule;
resort to its prophylaxis is deemed justified only in
extraordinary circumstances."  Donovan v. Maine, 276 F.3d 87, 93
(1st Cir. 2002).  Here, many factors militate against applying
equitable tolling principles.

First, petitioner was not diligent in pursuing the habeas
relief he now seeks.  At some point, reasonably after the appeal
period expired, petitioner should have known that no appeal had
been filed, or at least should have made an effort to determine
whether one had in fact been filed.  And, in any event, it cannot
seriously be argued that he could not have learned through the
exercise of reasonable diligence, that no appeal had been filed
at some point within the next year, that is, by February 21,
2007, or certainly by the year after that, by February 21, 2009.
Yet, he did not file his petition within a year of either of
those dates.  Second, nothing in the petition suggests any
extraordinary circumstance that prevented petitioner from making

a timely filing (or even one preventing him from filing his petition before three full years had passed).  Finally, petitioner's claims are of dubious merit — the career offender determination was fully supported, and petitioner waived both his right to appeal and his right to collaterally attack his sentence, knowingly and voluntarily, and any appeal would not likely result in any relief.  <u>See generally</u>, <u>Trapp v. Spencer</u>, 479 F.3d 53 (1st Cir. 2007); 28 U.S.C. § 2255(f)(4).


## Conclusion

Equitable tolling of the limitations period is inappropriate under these circumstances.  The petition is late by over two years.  Accordingly, the petition (document no. 1) is dismissed as time-barred.  The motion for reconsideration or modification of sentence (document no. 2), which essentially reiterates the claims for relief in the motion under § 2255, is denied as well.


**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 24, 2009

cc:  Helen W. Fitzgibbon, Esq.
     Bjorn R. Lange, Esq.
     Aixa Maldonado-Quinones, AUSA
     U.S. Probation
     U.S. Marshal